UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID JOEL ORENSTEIN,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>NANCY A. BERRYHILL,<br>Acting Commissioner of Social Security,<br><br>　　　　　　Defendant. | Case No. CV 16-01946-JEM<br><br>MEMORANDUM OPINION AND ORDER REVERSING DECISION OF THE COMMISSIONER OF SOCIAL SECURITY |

**PROCEEDINGS**

On March 22, 2016, David Joel Orenstein ("Plaintiff" or "Claimant") filed a complaint seeking review of the decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's application for Social Security Disability Insurance benefits. The Commissioner filed an Answer on July 13, 2016. On February 28, 2017, the parties filed a Joint Stipulation ("JS"). The matter is now ready for decision.

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before this Magistrate Judge. After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court concludes that the Commissioner's decision must be reversed and this case remanded for further proceedings in accordance with this Memorandum Opinion and Order and with law.

**BACKGROUND**

Plaintiff is a 54-year-old male who applied for Social Security Disability Insurance benefits on October 3, 2012, alleging disability beginning November 1, 2010.[1] (AR 32.) The ALJ determined that Plaintiff had not engaged in substantial gainful activity since November 1, 2010. (AR 33, 41.)

Plaintiff filed a previous application that was finally denied in July 2008 (AR 32), and the Administrative Law Judge ("ALJ") found no material change in status from the alleged onset date through the present. (AR 33.) Plaintiff filed a timely request for hearing, which was held before ALJ Evelyn M. Gunn on January 24, 2014, in West Los Angeles, California. (AR 32.) Plaintiff appeared and testified at the hearing and was represented by counsel. (AR 32.) Susan Bendavid Klaparda also testified on the Claimant's behalf. (AR 32.) Medical expert ("ME") Lynne Jahnke, M.D., testified (by telephone) and vocational expert ("VE") Gregory Jones also testified at the hearing. (AR 32.)

The ALJ issued an unfavorable decision on March 25, 2014. (AR 32-42.) The Appeals Council denied review on January 27, 2016. (AR 1-3.)

**DISPUTED ISSUES**

As reflected in the Joint Stipulation, Plaintiff raises the following disputed issues as grounds for reversal and remand:

1. Whether the Appeals Council erred by failing to review and incorporate evidence submitted on appeal.
2. Whether the ALJ erred in evaluation of the opinions of the examining physicians.
3. Whether the ALJ erred in determining Plaintiff's credibility.
4. Whether the ALJ erred in the formulation of the RFC.
5. Whether the ALJ erred in the evaluation of lay witness testimony and statements.
6. Whether the ALJ erred at step 5.

---

[1] Claimant met the disability insured status requirements on his alleged onset date, but last met them on September 30, 2012. (AR 32.) Accordingly, to secure entitlement, the Claimant must establish a "disability" onset date of September 30, 2012, or earlier. (AR 32, 41.) The ALJ, however, determined Plaintiff's status through the date of the hearing. (AR 32-33.)

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and free of legal error. Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); see also DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991) (ALJ's disability determination must be supported by substantial evidence and based on the proper legal standards).

Substantial evidence means "'more than a mere scintilla,' but less than a preponderance." Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (internal quotation marks and citation omitted).

This Court must review the record as a whole and consider adverse as well as supporting evidence. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006). Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins, 466 F.3d at 882 (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

## THE SEQUENTIAL EVALUATION

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Commissioner has established a five-step sequential process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

The first step is to determine whether the claimant is presently engaging in substantial gainful activity. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). If the claimant is engaging

in substantial gainful activity, disability benefits will be denied. Bowen v. Yuckert, 482 U.S. 137, 140 (1987). Second, the ALJ must determine whether the claimant has a severe impairment or combination of impairments. Parra, 481 F.3d at 746. An impairment is not severe if it does not significantly limit the claimant's ability to work. Smolen, 80 F.3d at 1290. Third, the ALJ must determine whether the impairment is listed, or equivalent to an impairment listed, in 20 C.F.R. Pt. 404, Subpt. P, Appendix I of the regulations. Parra, 481 F.3d at 746. If the impairment meets or equals one of the listed impairments, the claimant is presumptively disabled. Bowen, 482 U.S. at 141. Fourth, the ALJ must determine whether the impairment prevents the claimant from doing past relevant work. Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir. 2001). Before making the step four determination, the ALJ first must determine the claimant's residual functional capacity ("RFC"). 20 C.F.R. § 416.920(e). The RFC is "the most [one] can still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The RFC must consider all of the claimant's impairments, including those that are not severe. 20 C.F.R. §§ 416.920(e), 416.945(a)(2); Social Security Ruling ("SSR") 96-8p.

If the claimant cannot perform his or her past relevant work or has no past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantial gainful activity. Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000). The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times the burden is on the claimant to establish his or her entitlement to benefits. Parra, 481 F.3d at 746. Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity. Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006). To support a finding that a claimant is not disabled at step five, the Commissioner must provide evidence demonstrating that other work exists in significant numbers in the national economy that the claimant can do, given his or her RFC, age, education, and work experience. 20 C.F.R. § 416.912(g). If the Commissioner cannot meet this burden, then the claimant is disabled and entitled to benefits. Id.

**THE ALJ DECISION**

In this case, the ALJ determined at step one of the sequential process that Plaintiff has not engaged in substantial gainful activity since November 1, 2010. (AR 33, 41.)

At step two, the ALJ determined that Plaintiff has the following medically determinable severe impairments: bilateral sensorineural hearing loss, deficits in visual acuity, affective mood disorder, and anxiety disorder. (AR 33, 41.)

At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. (AR 33, 41.)

The ALJ then found that Plaintiff has the RFC to perform at all exertional levels with the following limitations:

> Limited to a work environment where visual acuity is not tantamount, needed or required, but with remaining ability to reads [*sic*] and write; can only work in an office environment and needs to avoid loud noises, must avoid dangerous machinery; limited to understanding and remembering simple instructions to complete simple repetitive tasks.

(AR 34, 41.) In determining the above RFC, the ALJ made an adverse credibility determination. (AR 34.)

At step four, the ALJ found that Plaintiff is unable to perform any past relevant work. (AR 40, 41.) The ALJ, however, also found that, considering Claimant's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Claimant can perform, including the jobs of routing clerk, information clerk, and sales attendant. (AR 40, 41.)

Consequently, the ALJ found that Claimant was not disabled, within the meaning of the Social Security Act. (AR 41.)

**DISCUSSION**

Plaintiff contends that the ALJ decision should be reversed and remanded because the Appeals Council failed to review and incorporate into the record new evidence presented for the first time to the Appeals Council. The Court agrees.

The new evidence submitted after the March 25, 2014 ALJ decision was a Functional Capacity Evaluation ("Evaluation") prepared by Jeff Bruno, a licensed occupational therapist, vocational counselor, and certified functional capacity evaluator. Plaintiff contends that the Evaluation would support a finding of disability. Plaintiff indicates that Bruno's Evaluation was submitted to the Appeals Council electronically on March 12, 2015. Bruno's Evaluation was not referenced by the Appeals Council in its January 27, 2016 denial of review. (AR 17.) Nor was it incorporated into the Certified Administrative Record. The Commissioner questions whether the Evaluation was ever submitted to the Appeals Council, indicating that its receipt was not documented by the Appeals Council. The transmission receipt, however, shows that the Evaluation was received by the Appeals Council and Social Security Administration. The Court finds that Plaintiff did indeed transmit the Evaluation on March 12, 2015. It was not considered by the Appeals Council or made part of the record.

**A.     Relevant Federal Law**

This Court has no jurisdiction to review the decision of the Appeals Council denying review. Brewes v. Comm'r, 682 F.3d 1157, 1161-62 (9th Cir. 2012). When the Appeals Council denies review, the ALJ's decision becomes the final decision of the Commissioner, and the Court reviews that decision for substantial evidence based on the record as a whole, including any new evidence submitted to and considered by the Appeals Council. Id. at 1161-63. The Ninth Circuit in Brewes specifically cited and relied on 20 C.F.R. § 404.970(b), which provides:

> If new and material evidence is submitted, the Appeals Council shall consider the additional evidence only where it relates to the period <u>on or before the date of the administrative law judge's hearing decision</u>. The Appeals Council shall evaluate the new and material evidence submitted if it relates to

the period <u>on or before the date of the administrative law judge's hearing decision</u>. It will then review the case if it finds that the administrative law judge's action, findings, or conclusion is contrary to the weight of the evidence currently of record.

(Emphasis added); see also Brewes, 682 F.3d at 1161-62. New evidence relevant to the period at issue must be treated as part of the administrative record. Brewes, 682 F.3d at 1162.

**B.     Analysis**

Plaintiff contends that the Evaluation is material because it addresses the same limitations in visual, auditory and mental functioning that Plaintiff alleges in his claim. The Commissioner, however, contends that the Appeals Council was not obliged to consider evidence that was from a time after the ALJ's decision and thus not material. Any error in not considering or incorporating Bruno's Evaluation into the record is harmless, says the Commissioner. See Molina v. Astrue, 674 F.3d 1104, 1111 (9th Cir. 2012.)

Plaintiff responds to the Commissioner's argument by citing case law that medical reports containing observations made <u>after</u> the period of disability are relevant to assess the Claimant's disability. Smith v. Bowen, 849 F.2d 1222, 1225 (9th Cir. 1988); Lingenfelter v. Astrue, 504 F.3d 1028, 1033 n.3 (9th Cir. 2007); James v. Colvin, 2014 WL 814144, at *4, *6 (C.D. Cal. Mar. 3, 2014). The Court observes that Bruno's Evaluation relied on medical records for the period between November 1, 2010, and September 30, 2012. Additionally, the regulation expressly states <u>twice</u> that new evidence may be material if it relates to the period "on or before the date of the administrative law judge's hearing decision." The ALJ decision considered Plaintiff's status through the date of the March 25, 2014 ALJ decision. The examinations conducted by Bruno occurred on December 28 and 29, 2014, and his report is dated January 12, 2015. See JS, Ex. A. Thus, the Evaluation was prepared only months after the ALJ decision and the opinions expressed are based on medical records from the period of disability.

The Court is not deciding whether the Evaluation is material. The issue is sufficiently disputed that the ALJ should consider the matter on remand. This is not a case where the

Appeals Council considered new evidence and made it part of the record, and then denied the request for review after considering all the evidence. This is a case like <u>Taylor v. Commissioner of Social Sec. Adm.</u>, 659 F.3d 1228, 1232-33 (9th Cir. 2011) where the Appeals Council did not consider the new evidence at all. In such instances, remand to the ALJ is appropriate. <u>Id.</u> at 1233. The Court also will not address the other issues raised by Plaintiff at this time because, if the ALJ on remand finds the Evaluation to be material, the ALJ must account for it in the five step sequential analysis. <u>Id.</u> at 1233.

Again, the Court is not deciding whether the evaluation is material or, even if it is, that it would require a finding of disability. The Court is remanding the case to the ALJ to determine the materiality, relevance and impact on the disability determination of the Evaluation.

**ORDER**

IT IS HEREBY ORDERED that Judgment be entered reversing the decision of the Commissioner of Social Security and remanding this case for further proceedings in accordance with this Memorandum Opinion and Order and with law.

DATED: <u>June 1, 2017</u>                     */s/ John E. McDermott*
                                                              JOHN E. MCDERMOTT
                                                              UNITED STATES MAGISTRATE JUDGE